**KILKO, Plaintiff-Appellant, v. CLEVELAND (City) et, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21763.   Decided February 19, 1951.

Thomas Begley, J. T. Feighan, Jr., James Metzenbaum, Cleveland, for plaintiff-appellant.

Lee C. Howley, Law Director, R. J. Selzer, Edw. J. McDermott, Asst. Law Directors, Cleveland, for defendant-appellees.

(STEVENS, PJ, HUNSICKER, J, DOYLE, of 9th District, sitting by designation in the 8th District.)

### OPINION

By HUNSICKER, J:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio, wherein that court refused to enjoin the enforcement of the zoning ordinance of the City of Cleveland, Ohio in its application to the premises of the appellant, Steve Kilko.

The notice of appeal was filed on questions of law and fact but the action was submitted to this court on questions of law.

The case was tried in the court below upon an agreed state-

ment of facts, which, with the exhibit attached thereto, is about 14 pages in length and consequently will not be set forth in full herein. The pertinent parts of such agreed statement of facts are:

The zoning ordinance of the City of Cleveland became effective November 5, 1929; the premises in question herein are located in a "B" dwelling house district by the terms of such zoning ordinance; prior to 1929 and up to 1934, the premises were occupied as "non-conforming use" to-wit, a meat market and grocery—by the predecessor in title of the appellant, Steve Kilko, herein called Kilko; in 1934 Kilko's predecessor in title obtained a restaurant license and began operation of a restaurant on the premises; as soon as the restaurant began operation, a liquor license was obtained from the Department of Liquor Control of the State of Ohio; from 1934 to and including 1948, Kilko's predecessor in title obtained yearly from the City of Cleveland a restaurant license for the premises herein and also a liquor license from the State of Ohio; Kilko purchased the premises herein on March 20th, 1948; Kilko, after his purchase of the premises herein, sought and obtained a transfer of the liquor license from the State of Ohio, but neglected to secure a restaurant license from the City of Cleveland; in May of 1948, a complaint was made concerning Kilko's operation of these premises; after investigation by the proper authority, Kilko was ordered to cease operation of his business because it was in violation of the zoning ordinance of the City of Cleveland and the restaurant license heretofore issued for the premises to Kilko's predecessor in title was cancelled; Kilko then made application to the Commissioner of Buildings and Housing for a "certificate of compliance" to continue the operation of the liquor business on these premises; the "certificate of compliance" was refused and the case certified to the Board of Zoning Appeals of the City of Cleveland; such Board of Zoning Appeals, after a hearing duly had, refused to grant Kilko the right to operate his liquor business in such premises.

The parties in the agreed statement of facts concede that the question involved herein is limited as follows:

"* * * did the finding of the Board of Appeals of the City of Cleveland, in sustaining the Commissioner of Buildings and Housing, constitute an abuse of discretion and is the City of Cleveland estopped from enforcing the provision of the zoning ordinance because of the fact that a duly appointed administrative official of the City of Cleveland has continued to issue licenses to plaintiff's predecessor in title from the year 1934 to 1938, inclusive, contrary to the provisions of the zoning ordinance?"

Nowhere in such agreed statement is there a disclosure as to a permit to change the grocery and meat market to a restaurant, or that large sums of money were spent to make such change, although counsel for Kilko makes an assertion concerning such permit, and the expenditures made to effect the change.

We have reviewed all the claims of error set forth by counsel for appellant, Kilko, and from our examination of the matters herein, we will discuss only one of such claims.

This claim and the question which arises therefrom is determinative of this appeal. It may be stated in the language used by the parties in the agreed statement of facts as follows:

"* * * is the City of Cleveland estopped from enforcing the provision of the zoning ordinance because of the fact that a duly appointed administrative official of the City of Cleveland has continued to issue licenses to plaintiff's predecessor in title from the year 1934 to 1948 inclusive, contrary to the provisions of the zoning ordinance?"

3 Pomeroy's Equity Jurisprudence (Fifth Edition) §805, sets forth some general requisites for the application of equitable estoppel. The author also, in such article, calls attention to the fact that the courts have modified or limited these elements, and hence they are to be accepted only as guides in the application of equitable estoppel. The author states these rules as follows:

"* * *. 1. There must be conduct—acts, language, or silence —amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such conduct was done, **and at the time when it was acted upon by him.** 4. The conduct must be done with the intention or at least with the **expectation,** that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. There are several familiar species in which it is simply **impossible** to ascribe any **intention** or even **expectation** to the party estopped that his conduct will be acted upon by the one who afterwards claims the benefit of the estoppel. 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must

so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it * * *."

The Courts in Ohio have applied the principles of equitable estoppel to municipal corporations as well as to individuals.

16 O. Jur. Estoppel, p. 653, Sec. 75 et seq. and authorities therein cited.

State ex rel Simmons v. Wieber, et al, 145 Oh St 121 at p. 127.

Baxter, Trustee v. Village of Manchester, 64 Oh Ap 220.

Judge Washburn, a former Judge of the Eighth District, while sitting in the Ninth District, in the case of Joseph v. City of Akron, 19 Oh Ap 412 at p. 415, said:

"In Ohio, as in most states, the statute of limitations, as such, does not run against municipalities as to their title and rights in streets which they hold in trust for the public; such rights are not extinguished by mere non-use or adverse possession due to laches, negligence or nonaction of municipal authorities, but Ohio, in common with many other states, recognizes the doctrine that there are exceptional cases where there has been such conduct on the part of the public authorities relied and acted upon by an adjacent owner, as will estop the public from retaking possession of a portion of a street occupied by such adjacent owner. That is, the circumstances may be such that the private rights of individuals are of more persuasive force in a particular case than the rights of the public, and in such a case it is found to be more just to enforce an equitable estoppel against the municipality rather than permit it to retake possession of such street." (Emphasis ours.)

A collection and annotation of authorities on the applicability of the doctrine of estoppel against government and governmental agencies is found in 1 A. L. R. (2d) 338, et seq. From the reported cases in Ohio and in other states, the doctrine of estoppel in pais, or as it is better known, equitable estoppel, has been applied against municipal corporations in a wide variety of cases, even though not applied with the same strictness as it is in matter arising between private individuals.

The question in the instant case, however, concerns the applicability of the doctrine of estoppel in a matter wherein the police power of the municipality is involved. The authority of a municipality to enact a zoning ordinance is well recognized in this state as a lawful exercise of the police power. We would hence direct our inquiry to the question of whether estoppel can be raised affirmatively in an action to enjoin the enforcement of such zoning ordinances.

"2. The doctrine of estoppel is applicable to municipal corporations where they have the power to act or contract, but is not applicable where the subject-matter of the contract is **ultra vires**, illegal or **malum prohibitum.**"

Baxter, Trustee v. Village of Manchester, 64 Oh Ap 220.

The grant of a license to operate a restaurant is not a contract between a municipality and one of its citizens; such license connotes a privilege, not an agreement.

This license was not issued, so far as the agreed statement of facts shows, by the division of the municipality that is charged with supervision of the zoning ordinance. We see no need to discuss the question, that naturally arises, as to whether the issuance of a license by one division of the city government not charged with the supervision of a zoning ordinance, can work an estoppel against the city.

We do not find any reported case in Ohio where a similar factual situation as in the instant case, is discussed or decided. However, several cases in other jurisdictions on the question of estoppel as applied to the enforcement of a zoning ordinance have been called to our attention. These cases are cited under the title of Estoppel, in 31 Corpus Juris Secundum, §142 b, as authority for the following statement:

"The government or its instrumentalities are not estopped by acts of its officers or agents in entering into agreements or arrangements to do what the law does not sanction or permit; **and it may not be estopped by acts of its officers or agents in violation of positive law, as by acts in violation of a zoning ordinance or of fire regulations.**" (Emphasis ours.)

The comprehensive zoning ordinance of the City of Cleveland, to which reference is made in the agreed statement of facts, makes any violation thereof, after notification, a misdemeanor. (Sec. 211-36 GC).

In the instant case, the City of Cleveland, through its officers, issued a restaurant permit for many years to Kilko's predecessor in title. The city thus acted, not in a proprietary capacity, nor in the exercise of its contractual powers, but in the discharge of governmental functions through public officers of limited authority.

A municipality may, in some instances, be estopped by the act of its officers if done within the scope and in the course of their authority or employment, but estoppel does not arise if the act done is in violation of law. There never was, in the instant case, authority to issue a lawful permit to operate a restaurant on the premises here involved. Estoppel, under the circumstances in the instant case, cannot, therefore, prevent the city from enforcing the restrictions of the zoning ordinances.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant. Judgment affirmed. Exc.

STEVENS, PJ, DOYLE, J, concur.