**ESKRIDGE et, Plaintiffs, v. SANDUSKY (City) et, Defendants.**

Common Pleas Court, Erie County.

No. 29379. Decided January 18, 1955.

Steineman & Zeiher, Sandusky, for plaintiff.

John W. Lehrer, City Solicitor, Schwer & Moore, Sandusky, for defendant.

## OPINION

By McCRYSTAL, J.

The Plaintiffs as residents of the City of Sandusky bring this action to enjoin the City of Sandusky, the City Manager, and the City Engineer from issuing a permit for the construction, erection, rebuilding, replacement, etc., of any buildings used in connection with the petroleum business of the Gulf Refining Company on certain land now owned by the Gulf Refining Company in the City of Sandusky.

The Gulf Refining Company was granted leave of court to be made a party defendant and has filed its Answer.

The Defendant, Refining Company, have used lots 111, 113, 115, 117, 119, 121, 123 and 125 Filmore Street for many years as a gasoline and oil storage plant. On July 26, 1954 there was an explosion or fire which destroyed a substantial part of these facilities. It is to prevent the replacement and repair of these facilities that the Plaintiffs seek their injunction.

The Plaintiffs allege in their Petition that the existence of these storage facilities create hazardous conditions and that since the fire the residents of the adjacent property and particularly the children live in some fear of a subsequent fire or explosion and by virtue of the existence of these facilities the Plaintiffs will suffer an irreparable damage.

There has been in existence in the City of Sandusky since September 26, 1921 Ordinance No. 1129-C which makes it unlawful to construct, maintain or operate any public gasoline filling station or sales depot within certain specified areas one of which is in an area where three-fourths of the buildings on both sides of the street or streets for a distance of 300 feet are used exclusively for residence purposes, unless the written consent of two-thirds of the owners of the privately owned property on both sides of the street for a distance of 300 feet in each direction is obtained. The Ordinance further provides for a fine in the event of a violation.

It is stipulated and agreed by the parties that the predecessors of the Refining Company prior to the adoption of the Ordinance in 1921 used Lots No. 121, 123, 125 for the storage of oil and petroleum products. It is further admitted by the parties Lot No. 119 has been used exclusively for office purposes and that there is no storage of oil or other petroleum products on said lot. It is further admitted by the parties Lots No. 111, 113, 115, 117 were not used for the storage of oil and other petroleum products until after the effective date of the Ordinance in question.

The storage of gasoline, oil and other petroleum products is not a nuisance per se and the use of real estate for such purposes cannot be enjoined unless said use violates some state or municipal regulation. **30 O. Jur. 356; Adams v. Gorrell, 119 Oh St 139.** It, therefore, follows that the Plaintiffs are not entitled to any injunctive relief as to Lots No. 121, 123, and 125 which lots were used for the storage of oil and other petroleum products prior to the enactment of the Ordinance. The remaining ques-

tion involved in this case is whether the Plaintiffs are entitled to relief by way of injunction against the Refining Company for the further use of Lots No. 111, 113, 115, 117 for the storage of oil or other petroleum products.

The first question raised by the Answer of the Refining Company is that said Ordinance is an invalid attempt to delegate legislative power inasmuch as it purports to grant to adjoining property owners the right to exercise such legislative power by written concurrence.

This court is unable to agree with the contention of the Defendants concerning this Ordinance. The Ordinance is in most respects similar to the one involved in State, ex rel Oil Company v. Combs, 129 Oh St 251 which was upheld by the Supreme Court. In Syllabus 4, the Court stated:

"Where a municipal ordinance absolutely prohibits the installation of filling stations, but permits such prohibition to be modified and consented to by property owners most affected by such modification, as in this case, the required securing of such consents does not amount to a delegation of legislative power."

This case has not been overruled or modified and is still the controlling law as to this type of ordinance. For other similar cases see 21 A. L. R. 2nd 551.

The Refining Company was unable to show that they or their predecessors in title ever complied with the provisions of the ordinance with respect to procuring the necessary signatures. The records of the City of Sandusky did not disclose that such permission was ever granted or such consents were ever filed with them. The Plaintiffs produced evidence of some witnesses who had lived in the adjoining neighborhood prior to 1920 and they did not recall that any consents were solicited by the Defendant's predecessors.

Further by way of defense the Refining Company claims to have a prescriptive right to continue their business at the present location without complying with the city ordinance in question. This is based on the questionable assumption that their use of this property can only be prevented if their operation constitutes a private nuisance. If the operation of the bulk storage plant was a private nuisance and was not in violation of any city ordinance it would appear that the refining company would have a prescriptive right to continue their operation. The existence of this plant is in violation of a valid municipal ordinance. The ordinance is of a type that would be classified as a special zoning ordinance and it seems quite clear from the law that a municipality by inaction or by expressly giving permission to violate such ordinance cannot be held to have waived their right to enforce the ordinance nor does such permission or inaction estop them. 58 Am. Jur. 1045. In Kilko v. The City, 60 Abs 561, where permits were issued over a period of some 24 years contrary to the provisions of a zoning ordinance the Court of Appeals of the 8th District held that such actions on the part of municipal authorities in violation of a zoning ordinance does not create an estoppel irrespective of the period of time the violations were committed. It would, therefore, follow that the statute of limitations and laches would not be a bar to the present action.

Defendant in his Answer raises the question that the bulk storage plant prior to the fire was in effect a "non conforming use," and, therefore, may be restored or repaired unless a municipal regulation or ordinance provides to the contrary. This defense presupposes that the existence of the bulk storage plant was legally constructed in the first place and was in existence at the time of the enactment of the ordinance in question. As to that part of the bulk storage plant which was constructed and in operation on Lots No. 121, 123 and 125, the Defendant's position is correct. Unless there is some restriction to the contrary, "a non conforming use" may be rebuilt or repaired after damage by fire or otherwise. However, as to that part of the bulk storage plant on Lots No. 111, 113, 115, and 117 this rule would not apply as the buildings and facilities on these lots were originally constructed in violation of the municipal ordinance and the Plaintiffs at any time since their construction and operation would have the right to prevent their use in violation of the ordinance.

One other question which injects itself in this case is whether or not the Plaintiffs rather than the City of Sandusky are the proper parties to bring this action. On the authority of **Pritz v. Messer, 112 Oh St 628,** it would appear in Ohio that a property owner is a proper party to bring such an action. See also 58 Am. Jur. 1043; 54 A. L. R. 366; 129 A. L. R. 885; **City of Canton v. Fedco, 33 O. O. 131.**

The Defendant, the City of Sandusky, is, therefore permanently enjoined from issuing any building permits for the new construction, erection, rebuilding, replacement, repair or any type on Lots No. 111, 113, 115, 117, 119 Filmore Street for any use contrary to the provisions of Ordinance 1129-C of the City of Sandusky, Ohio. The Defendant, the Gulf Refining Company is herewith permanently enjoined from using Lots No. 111, 113, 115, 117, 119 Filmore Street as a bulk storage plant, public gasoline or oil filling station or sales depot until such time as it complies with the provisions of Ordinance 1129-C of the City of Sandusky, Ohio.

Appeal bond is set at $500.00.