CITY OF CANTON *v.* IMPERIAL BOWLING LANES, INC.

(No. 109649—Decided December 22, 1966.)

Common Pleas Court of Stark County.

*Mr. Harold E. DeHoff,* city solicitor, for plaintiff.
*Mr. James V. Armogida,* for defendant.

MORRIS, J. The within cause was submitted to the court on the following agreed statements of fact:

"1. Plaintiff is a municipal corporation organized under the laws of the State of Ohio.

"2. Defendant is a corporation duly organized and existing under the laws of the State of Ohio.

"3. Defendant's place of business is located in an area which was annexed to the plaintiff, City of Canton, on or about the 23rd day of March, 1964.

"4. Prior to such annexation the place where defendant's business is located was an unincorporated part of Plain Township, Stark County, Ohio.

"5. At a special election held on November 2, 1937, pursuant to the General Code, Section 6064-34, the voters of said Plain Township exclusive of any municipal corporation or any part of any corporation located in such township had submitted to them the following questions:

"A. Shall the sale of any intoxicating liquor be permitted in Plain Township?

"B. Shall the sale of wine by the package for consumption off the premises where sold be permitted in Plain Township?

"C. Shall the sale of wine for consumption on and off the premises where sold be permitted in Plain Township?

"D. Shall the sale of spirituous liquors by the glass be permitted in Plain Township?

"E. Shall state liquor stores for the sale of spirituous liquor by the package, for consumption off the premises where sold, be permitted in Plain Township?

"6. At the election referred to in No. 5 of these stipulations of fact, a majority of the electors voting on said questions voted 'no' on each of said questions and as a result thereof under then, Section 6064-34, General Code, C & D permit holders were prohibited from selling any intoxicating liquor of any kind within such Plain Township, exclusive of any municipal corporation or any part of a municipal corporation located in such township.

"7. Former General Code Section 6064-33 is now denominated as Section 4301.35, Revised Code, and Section 6064-34, General Code, is now denominated as Section 4301.-36, Revised Code.

"8. No subsequent elections involving the sale of intoxicating liquor in said territory has been held since the election of November 2, 1937.

"9. In May of 1965 the defendant corporation applied for a building permit from the City of Canton, Ohio, at which time a set of plans was submitted to the City Building Inspector. Incorporated in the plans were the 24 bowling lanes, a billard parlor, a restaurant and bar. The plans were approved by the City Inspector, and a building permit was issued by the city.

"10. The defendant corporation then proceeded to construct a building, install sewers, provide for proper drainage and roadways in the area.

"11. On August 14, 1965, an application for transfer of a D-2 license was filed with the Liquor Department of the State of Ohio, requesting a transfer of the license from 609 Twelfth St., N. E., in the City of Canton, Ohio, to its present location. Notice of the filing was sent in accordance to Section 4303.261, by either registered or certified mail to the Canton City Council by the permit division on August 18, 1965.

"12. On September 24, 1965, a transfer of the beer and wine permit to this location was approved and since that time the sale of beer and wine for consumption on the premises under a D-2 permit has been conducted at the defendant's place of business, aforesaid, with the knowledge of defendant."

and the briefs and reply briefs of the parties.

Defendant, by way of brief, raises the following six issues:

1. Does this court have jurisdiction?

2. Does the petition state a cause of action under the declaratory judgment act?

3. Is this defendant a proper party to this action?

4. Have all necessary parties been named as defendant in this case?

5. Is not the plaintiff barred by equity in bringing this proceeding?

6. The territory annexed takes on all the rights and privileges of the area to which it has been annexed under the authority of Section 709.10, Revised Code.

Plaintiff, on the other hand, by way of brief, raises the following issue:

When part of a township which has voted dry under a local option election is annexed to a city in which the sale of intoxicating liquors is legal, is the sale of intoxicating liquor in the territory so annexed legal or illegal?

The court will first direct its attention to the issues raised by way of the defendant's brief. The court finds that another branch of this court, in ruling on a motion to

quash, and by way of memorandum, has already passed on defendant's issues numbers 1, 2, 3 and 4. Having answered these issues in the affirmative, this court now affirms such memorandum and will no longer concern itself with these issues.

Coming to issue number 5, in which defendant raises the query as to whether or not the plaintiff city is not now estopped to bring the within action, the court will state that nothing within the agreed statement of facts raises the question of estoppel. However, going out of the agreed statement of facts, the court will state that it has been uniformly held that a municipality will not be estopped from enforcing zoning restrictions, fire limit regulations or other criminal ordinances even though its officers in the past may have been inactive. (See 45 O. P. 337; 119 A. L. R. 1509; 73 Ohio Law Abs. 568, 20 Ohio Jurisprudence, Section 80 at page 567.)

The court, in answer to said issue finds that nothing in the conduct of the plaintiff or in the law gives rise to an equitable estoppel in the within matter. This now leaves for determination issue number 6 as asserted by the defendant, and issue number 1 as raised by the plaintiff, which issues seek answers to the identical question, this being "the status of dry territory annexed to a wet municipality," the dry territory having become dry through a local option election. The general rule in answer to such an inquiry, as set forth in 25 A. L. R. 2d 864, is that

"* * * a designation, division, reassignment, reorganization, increase, diminishment, or abolition of a political or governmental unit, the people of which by election have adopted a local option status, does not affect the operation of a local option law in any of the territory originally bound by the election."

This rule prevails in a majority of states and has been accepted as the general rule in Ohio. 31 Ohio Jurisprudence 2d 116, Section 86. In 4 Ohio N. P. (N. S.) 417, the identical question was raised and the court held to the general rule. The general rule has been set forth and followed by the Attorney General of Ohio in 1950 O. A. G. 1882, and again in 1957 O. A. G. 579.

The defendant urges the court that Section 709.10, Revised Code, which provides for the rights of inhabitants after annexation is allowed, would determine the wet or dry status where there has been a previous election. If this position were to be followed, we would be saying that the petition of annexation in this particular case would in effect repeal the local option election heretofore had. However, the law is specific and under Section 4301.37, Revised Code, provides the method whereby the result of an election may be changed. Further, the courts have uniformly held many things not to be affected by annexation proceedings, "highway grades," "limited access highways," "franchises," and school district boundaries, to mention but a few.

The defendant urges that under Section 709.10, Revised Code, the annexed people should have all the rights and privileges of the inhabitants within the city of Canton and this, in essence, being the right to a wet status. However, no rights or privileges are being denied the annexed people that the citizens of Canton enjoy, both have the right under state law to determine their wet or dry status and the annexed people have, by affirmative vote, exercised this right.

The local option law having been enacted to give the people of a political or governmental unit the right to determine their own status and having made provision in the law for subsequent elections, the court feels that the voice of the people expressed through this local election law should remain inviolate until it shall have spoken again.

The people in the territory annexed, under our local option law, have the opportunity and right to make a change in their status if they so desire. And until this is done, the general rule as set forth and the rationale compels this court to find that the plaintiff is entitled to judgment as prayed, and that the sale of intoxicating liquor for consumption on the premises in the territory is illegal and in violation of Section 4301.36, Revised Code.

*Judgment for plaintiff.*